OPINION
On October 21, 1989, appellant, George Vrabec, Jr., and Veronica Vrabec were married. Two children were born as issue of said marriage, Rachel and George. In July of 1992, the parties separated. Appellant and the two children moved out of the marital residence. The parties received a divorce on July 19, 1995 (Case No. 94-DR-1146). During the separation, Ms. Vrabec became pregnant and incurred medical expenses with appellee, the Timken Mercy Medical Center. The trial court for the divorce case found the child born to Ms. Vrabec was not the child of appellant and as such, appellant had no legal obligations to the child. On March 11, 1997, appellee filed a complaint against appellant for collection of the $10,883.26 debt incurred as a result of Ms. Vrabec's pregnancy. On April 11, 1997, appellant filed a counterclaim claiming appellee violated the Ohio Consumer Sales Practices Act in its collection efforts. A hearing before a magistrate was held on October 29, 1998. By decision filed November 4, 1998, the magistrate found in favor of appellant on the collection complaint and in favor of appellee on the counterclaim. The trial court adopted said decision and entered judgment therein. On November 18, 1998, appellant filed a motion for new trial on his counterclaim. By judgment entry filed December 1, 1998, the trial court denied said motion. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF-APPELLEE WAS JUSTIFIED IN PURSUING THE DEBT AS AGAINST DEFENDANT-APPELLANT.
II. THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO EVIDENCE THAT FIDELITY NATIONAL COLLECTION WAS AN AGENT OF PLAINTIFF-APPELLEE.
 I., II.
Appellant's assignments of error challenge specific findings of fact and conclusions of law. The magistrate filed her decision on November 4, 1998. The trial court adopted the decision and entered judgment on the same day. On November 18, 1998, appellant filed a motion for new trial pursuant to Civ.R 59. This motion challenged the magistrate's findings that "no evidence was presented that supports the argument that Fidelity National Collection Agency is the agent of TMMC under the principal/agent theory of liability" and that "TMMC would have been justified in pursuing the debt against Defendant." Appellant's entire motion for new trial centered on a manifest weight of the evidence argument. Pursuant to Civ.R. 53(E)(3)(a), the proper procedure to dispute magistrate findings is to file objections. Appellant argues because the trial court adopted the magistrate's decision and entered judgment on the same day it was issued, he was forestalled from filing objections. We disagree. Pursuant to Civ.R. 53(E)(4)(c), if timely objections had been filed, the trial court's adoption of the magistrate's decision would have been stayed pending the trial court's disposition of the objections. See, Kelly v. Kelly (February 27, 1997), Richland App. No. 96CA79, unreported. By choosing to file a motion for new trial in lieu of filing objections, appellant has precluded our review of these issues pursuant to Civ.R. 53(E)(3)(b) which states in pertinent part "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Upon review, we find the subject matter of this appeal based upon the magistrate's findings of fact is barred under Civ.R. 53(E)(3)(b).
This appeal is dismissed.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.